UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:21-CV-00105-DLB-EBA

CHRISTY BECKERICH, ET AL.                                               PLAINTIFFS

vs.

SAINT ELIZBETH MEDICAL CENTER, INC., ET AL.                   DEFENDANTS

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Come now Defendants, Saint Elizabeth Medical Center, Inc. and Summit Medical Group, Inc. d/b/a St. Elizabeth Physicians (collectively herein "St. Elizabeth"), by and through counsel, and for their Answer to Plaintiffs' Complaint, state as follows.

1.     St. Elizabeth denies the allegations in Paragraphs 9, 35, 49, 64, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 86, 87, 88, 89, 91, 94, 100, 101, 103, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 142, 147, 148, 149, 150, 154, 157, 169, 176, 179, 184, 187, 191, 192, 193, 194, 195, 196, 197, 199, 201, 202, 203, 204, 210, 211, 212, 214, 215, 216, 217, 218, 219, 220, 221, 222,  224, 226, 227, 228, 232, 233, 234, 235, 236, 237, 238, 240, 241, 243,  244, 245, 246, 247, 250, 258, 259, 260, 261, 263, 265, 269, 271, 273, 277, 278, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 299, 302, 303, 304, 305, 307, 311, 324, 325, 326, 327, 329, 330, 331, 332, 334, 336, 338, 340, 341, 342, 343, 348, 350, 352, 354, 364, 365, 366, 369, 377, 378, 379, 380, 391, 392, 394, 395, 396, 397, 398, 404, 405, 406, 407, 408, 409, 410, 413, 418, 419, 420, 421, 425, 426, 428, 429, 430, 432, 433, 434, 435, 436, 437, 438, 439, 440, 442, 443, 444, 445, 446, 447, 450, 452, 435, 454, 456, 457, 458, 459, 460, 461, 462, 464, 470, 471, 472, 473, 475, 476, 477, 478, 479, 482, 483, 484, 485, 486, 487, 488, 489, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 502, 503, 504, 505, 506, 507, 508, 510, 511, 512,

513, 514, 515, 516, 517, 519, 520, 521, 522, 523, 524, 526, 528, 529, 530, 531, 532, 533, 535, 536, 537, 538, 539, 541, 542, 543, 544, 545, 546, 547, 549, 550, 552, 554, 556, 557, 558, 559, 560, 561, 562, 563, 564, 565, 566, 567, 568, 569, 571, 572, 575, 579, 580, 581, 582, 585, 586, 587, 592, 593, 594, 595, 596, 601, 610, 611, 612, 613, 614, 615, and 617 of the Complaint.

2. St. Elizabeth presently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 1, 2, 3, 5, 8, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 65, 66, 69, 84, 85, 90, 92, 93, 95, 96, 97, 98, 99, 102, 104, 105, 106, 107, 108, 109, 110, 111, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 143, 144, 145, 146, 151, 152, 153, 155, 156, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 170, 171, 172, 173, 174, 175, 177, 178, 180, 181, 182, 183, 185, 186, 188, 189, 190, 198, 200, 205, 206, 207, 208, 209, 213, 223, 225, 229, 230, 231, 239, 242, 248, 249, 251, 252, 253, 254, 255, 256, 257, 262, 264, 266, 267, 268, 270, 272, 274, 275, 276, 279, 280, 281, 282, 297, 298, 300, 301, 306, 308, 309, 310, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 328, 333, 335, 337, 339, 344, 345, 346, 347, 349, 351, 353, 356, 357, 358, 361, 362, 368, 370, 372, 373, 374, 375, 376, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 399, 400, 401, 402, 403, 411, 412, 414, 415, 416, 417, 422, 423, 427, 431, 441, 448, 465, 466, 467, 468, 469, 474, 527, 553, 574, 576, 577, 578, 583, 589, 590, 591, 597, 598, 599, 600, 602, 603, 604, 605, 606, 607, 608, and 609 of the Complaint, and therefore denies same.

3. St. Elizabeth admits the allegations in Paragraphs 4, 6, 7, 14, 67, 68, 283, 355, 359, 360, 363, 367, 371, 393, 449, 481, 573, and 588 of the Complaint.

4. In response to Paragraphs 451, 455, 463, 480, 490, 501, 509, 518, 525, 534, 540, 548, 551, 570, 584, 597, and 616 of the Complaint, St. Elizabeth reiterates and reaffirms its answers to the Paragraphs above as if fully set forth herein.

5. All other allegations contained in the Complaint that are not specifically addressed above, including any narrative statements contained in unnumbered paragraphs of the Complaint, are hereby expressly denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. St. Elizabeth did not discriminate or retaliate against Plaintiffs in any manner; St. Elizabeth did not fail to reasonably accommodate Plaintiffs in any respect including without limitation with respect to any disability or sincerely held religious belief; St. Elizabeth did not deny Plaintiffs any rights to which they are entitled under any law, including but not limited to the ADA, Title VII, and/or the Rehabilitation Act; and Plaintiffs cannot state a prima facie case or demonstrate pretext with respect to any of the claims alleged.

### THIRD AFFIRMATIVE DEFENSE

3. All actions taken by St. Elizabeth with respect to Plaintiffs were taken in good faith and were motivated solely by lawful, legitimate, and non-discriminatory business reasons.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs did not make any requests for reasonable accommodation.

### FIFTH AFFIRMATIVE DEFENSE

5. St. Elizabeth did not deny Plaintiffs' requests for reasonable accommodation.

## SIXTH AFFIRMATIVE DEFENSE

6. To the extent Plaintiffs' requests for accommodation were denied, such requests were unreasonable and/or would have caused an undue hardship and/or were a direct threat to safety and health of patients, employees and visitors.

## SEVENTH AFFIRMATIVE DEFENSE

7. St. Elizabeth followed its relevant policies and procedures in good faith at all times relative to Plaintiffs' employment.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs were not treated differently than any similarly situated employee on any basis.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs are not disabled and/or do not have a physical or mental impairment which substantially limits any major life activity.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs have not incurred any damages or harm, but to the extent Plaintiffs have, there is no causal connection between said damages or harm and any act or omission of St. Elizabeth.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs' claims are barred by the doctrines of estoppel, laches, unclean hands, and waiver.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiffs refused to engage in the interactive process with St. Elizabeth despite St. Elizabeth's good faith attempts to engage in such process with Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiffs' claims are barred because the employment decisions about which Plaintiffs complain were made solely on the basis of legitimate, non-discriminatory, reasonable and lawful factors.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiffs did not have a sincerely held religious belief, practice or observance.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiffs' claims are barred to the extent Plaintiffs have failed to mitigate their damages, if any.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiffs' damages, if any, were caused by their own willful and/or intentional conduct, which conduct is a complete bar to their claims for damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiffs' claims for damages are barred by the doctrine of after-acquired evidence.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiffs violated and/or refused to comply with the lawful, reasonable and uniformly enforced policies of St. Elizabeth.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiffs were not otherwise qualified for their positions with or without reasonable accommodation.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiffs have failed to exhaust their administrative remedies, including but not limited to their failure to timely file the prerequisite administrative charges.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, claim preclusion and issue preclusion.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiffs' claims are barred by the double dismissal rule and Federal Rule of Civil Procedure 41.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiffs' claims are barred by the applicable statutes of limitation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiffs all are not current or former employees of St. Elizabeth.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiffs have no private right of action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiffs lack standing to bring the claims asserted.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiffs' claims are barred because the Complaint violates Federal Rule of Civil Procedure 8(a).

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiffs did not rely upon any representations made by St. Elizabeth, and to the extent they did, such reliance was unreasonable.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiffs have failed to allege sufficient factual support for each of the elements of the claims asserted in the Complaint.

### THIRTIETH AFFIRMATIVE DEFENSE

30. The claims asserted in the Complaint are facially implausible.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Plaintiffs have not been coerced in any manner at any time.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. St. Elizabeth acted pursuant to legitimate business justifications at all times.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Plaintiffs have failed to allege an antitrust injury.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. Plaintiffs have an adequate remedy at law and have failed to make any showing of irreparable harm.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. Plaintiffs have failed to allege their fraud claims with particularity in violation of Federal Rule of Civil Procedure 9(b).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. Plaintiffs have alleged causes of action which do not exist.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. Plaintiffs' employment was and remains at-will at all times.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38. The Complaint fails to allege the existence of any duty owed by St. Elizabeth to any Plaintiff.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39. The Complaint fails to allege the breach of any duty owed.

### FORTIETH AFFIRMATIVE DEFENSE

40. Plaintiffs are not entitled to a declaration of rights under federal law.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41. The Complaint fails to satisfy any element of Federal Rule of Civil Procedure 23 including without limitation identifying any proper class.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42. The Complaint does not allege any intentional, reckless or negligent conduct on the part of St. Elizabeth.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43. The Complaint is not properly verified.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44. The Complaint does not allege the residence or domicile of any Plaintiff.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45. Claims and allegations asserted in the Complaint are in violation of Federal Rule of Civil Procedure 11(b).

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46. The Complaint contains matters which are redundant, immaterial, impertinent and/or scandalous and which must be stricken pursuant to Federal Rule of Civil Procedure 12(f).

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

47. To the extent Plaintiffs have been damaged, which St. Elizabeth denies, any such damage was the direct and proximate result of Plaintiffs' own actions and/or the actions of other persons, entities and/or superseding or intervening causes over whom and which St. Elizabeth had no control.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claims are barred by lack of subject-matter jurisdiction, including without limitation lack of case or controversy, lack of justiciability and lack of ripeness.

### FORTY-NINTH AFFIRMATIVE DEFENSE

49. St. Elizabeth's conduct of which Plaintiffs complain was and is privileged.

### FIFTIETH AFFIRMATIVE DEFENSE

50. St. Elizabeth denies any allegation in the Complaint not otherwise admitted or denied herein.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

51. St. Elizabeth reserves the right to raise such further defenses that shall become manifest during or after completion of discovery at any time including through trial; and, St. Elizabeth further reserves the right to amend or supplement its Answer to the extent additional facts become manifest during or after completion of discovery at any time including through trial.

**WHEREFORE**, having answered, St. Elizabeth demands that Plaintiffs' Complaint be dismissed with prejudice; for its costs and attorney fees incurred in defending this matter; and for any and all other relief to which it may be entitled.

Respectfully submitted,

/s/ Mark D. Guilfoyle
Mark D. Guilfoyle (KBA #27625)
Nicholas C. Birkenhauer (KBA #91901)
Christopher B. Markus (KBA #92613)
Michael J. Enzweiler (KBA #96989)
Dressman Benzinger LaVelle PSC
207 Thomas More Parkway
Crestview Hills, KY 41017
(859) 341-1881 (T)
(859) 341-1469 (F)
mguilfoyle@dbllaw.com

nbirkenhauer@dbllaw.com  
cmarkus@dbllaw.com  
menzweiler@dbllaw.com  
*Counsel for Defendants*

### **CERTIFICATE OF SERVICE**

I certify that on the 16th day of September, 2021, the foregoing was served via the Court's electronic filing system upon:

A. Dominick Romeo  
Deters Law  
5247 Madison Pike  
Independence, KY 41051  
dromeo@ericdeters.com

                                    /s/ Mark D. Guilfoyle