UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL CASE NO. 21-105-DLB-EBA

CHRISTY BECKERICH, et al.                                                                    PLAINTIFFS

v.                                              **ORDER**

ST. ELIZABETH MEDICAL CENTER, et al.                                        DEFENDANTS

*****************

This matter is before the Court on Plaintiffs' Motion for Reconsideration (Doc. # 36) of the Court's September 24, 2021 Order (Doc. # 34) denying Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc. # 7). Within their motion, Plaintiffs notify the Court that they plan to appeal to the Sixth Circuit on several issues but seek reconsideration and clarification[1] by this Court before they do so. For the brief reasons stated below, the Court finds no legal bases to do so, and therefore **denies** the motion.

Plaintiffs first take issue with the Court's finding that St. Elizabeth is not a state actor for purposes of analyzing their constitutional claims, pointing to President Biden's recent directive that all businesses with 100 or more employees must have a vaccine mandate, as well as the large amount of PPP and Cares Act funds St. Elizabeth has

---

[1] In its haste to enter its ruling promptly, the Court overlooked an error on page 19 of its Order. The final sentence of last paragraph on that page should read as follows: Unfortunately for Plaintiffs, they have not stated a viable legal theory in support of injunctive relief, as each of the factors required to be considered, individually and collectively, weigh against the *granting* of injunctive relief (emphasis added).

1

received in federal funding.  The fact that the executive branch has made a statement that certain companies must implement a vaccine mandate in exchange for receipt of federal reimbursement dollars doesn't convert St. Elizabeth into a state actor.  Nor does the receipt of government funding.  *See* Doc. # 34 at p. 5-6.

Plaintiffs also ask the Court to ignore the Supreme Court's *Jacobson* decision, equating it to the *Dred Scott* decision, and arguing that it is not judicial activism to change a law via judicial decision when circumstances mandate the Court do so.  At pages 17 and 18 of its Order, the Court explained why *Jacobson* was controlling, and more importantly, why it dictated denial of Plaintiffs' request for injunctive relief.

Plaintiffs next lament that the Court adopted the "political left position" when it called the COVID-19 situation an "unprecedented global pandemic."  The Court's Order did nothing of the sort and took great pains to not wade into politics in any way.  The Order speaks for itself.  Whether called an unprecedented global pandemic or a less ominous description, the COVID-19 situation has been, by any objective measure, something that everyone, including the hospital and its employees, has been dealing with for more than eighteen months.  Calling it unprecedented isn't political at all.  Rather, it is merely a recognition of its extraordinary nature.

As an overall complaint in the motion, Plaintiffs allege that the Court agreed with the legal positions of Defendants to their detriment and should have allowed Plaintiffs to present evidence and testimony in support of their claims.  The Court heard more than two hours of oral argument on the motion and did not take additional evidence during that hearing.  Rather, it ruled on the record that was pending at the time, including numerous

affidavits filed by both sides.[2]  Fed.R.Civ.P. 65, which governs preliminary injunctions, does not explicitly require an evidentiary hearing.  In the Court's view, because Plaintiffs' claims clearly did not merit injunctive relief, an evidentiary hearing was not warranted.  As for agreeing with the legal position of the Defendants, once again, the prior Order speaks for itself.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. # 36) is **DENIED.**

This 30th day of September, 2021.

Signed By:
*David L. Bunning*
United States District Judge

---

[2] In fact, the Court accommodated Plaintiffs by considering numerous affidavits that Plaintiffs submitted after a deadline previously set by Court order.  *See* Docs. # 27, 29 & 30).