UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 21-105-DLB-EBA

CHRISTY BECKERICH, et al.                                                PLAINTIFFS

v.                            **MEMORANDUM OPINION AND ORDER**

ST. ELIZABETH MEDICAL CENTER, et al.                            DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

This matter is currently before the Court on Plaintiffs' Motion to Dismiss (Doc. # 43), to which Defendants have filed a Response (Doc. # 44), as well as Defendants' Motion for Sanctions (Doc. # 40) which has been fully briefed (Docs. # 41 and 42). Additionally, Defendants' Motion to Dismiss (Doc. # 12) is pending, which has also been fully briefed. (Docs. # 38 and 39). For the reasons stated herein, Plaintiffs' Motion to Dismiss (Doc. # 43) is **granted**, Defendants' Motion for Sanctions (Doc. # 40) is **denied**, Defendants' Motion to Dismiss (Doc. # 12) is **denied as moot**, and the case is **dismissed with prejudice.**

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In August 2021, St. Elizabeth Medical Center announced a policy by which it would require its employees to be vaccinated against COVID-19. Two lawsuits followed, in which Plaintiffs were and are healthcare workers employed by St. Elizabeth and its outpatient clinical group, St. Elizabeth Physicians (hereinafter both referred to as "St. Elizabeth"). The first lawsuit was voluntarily dismissed by Plaintiffs under Rule

1

41(a)(1)(a) before any decisions on the merits. *See Beckerich et al. v. St. Elizabeth Med. Ctr. et al.*, No. 2:21-CV-100-DLB-EBA (E.D. Ky.) (hereinafter "*Beckerich I*"). Plaintiffs re-filed a nearly identical lawsuit shortly thereafter, which is the case currently before the Court. In this matter, Plaintiffs initially sought injunctive relief against the hospital's vaccination policy, and the Court denied their request for injunctive relief in a Memorandum Order dated September 24, 2021. (Doc. # 34). In that Order, the Court reasoned that Plaintiffs' claims, mostly rooted in the Constitution, had little chance of success on the merits due to a lack of state action present in the case. (*Id.* at 5-6). Additionally, the Court noted that Plaintiffs' other claims, brought under the Americans with Disabilities Act and Title VII of the Civil Rights Act, had little likelihood of success on the merits due to the hospital's granting of medical and religious exemptions to the vaccination policy. (*Id.* at 6-7 and 10-11). For those reasons, the Court declined to grant injunctive relief after balancing equities in the case, writing that "the case before this Court deals with a private actor, and with no actual coercion." (*Id.* at 17).

In the wake of that Order being issued, Plaintiffs sought reconsideration of the Court's decision, arguing steadfastly that "St. Elizabeth is NOT a private employer," (alteration in original) and noting that the law regarding state action and federal funding of hospitals should change. (Doc. # 36 at 1-2). Plaintiffs also criticized the Court for taking what Plaintiffs believed to be political positions and broadly took issue with the Court's reasoning in its Order denying injunctive relief. (*See id.*). One day later, the Court denied reconsideration, noting that the Order on injunctive relief "speaks for itself." (Doc. # 37).

Then, at the beginning of December, Defendants filed a Motion for Sanctions (Doc. # 40), arguing that Plaintiffs had litigated their claims in bad faith. Plaintiffs responded to Defendants' Motion (Doc. # 41, and Defendants replied. (Doc. # 42).

Lastly, in late January 2022, Plaintiffs filed a Motion to Dismiss (Doc. # 43), in which they state that the Supreme Court's decision in *Biden v. Missouri*, 142 S. Ct. 647 (2022) essentially amounts to "a US Supreme Court ruling on their case," leaving them unable to pursue their claims and necessitating dismissal. (Doc. # 43). Plaintiffs briefly argued that dismissal should predicate denial of the pending Motion for Sanctions because the 5-4 margin of the *Biden* case "is essentially proof [that] the case in front of this court is not frivolous." (*Id.* at 2). And notably, the Motion did not specify whether Plaintiffs seek a dismissal with prejudice or without prejudice. (*See id.*). Defendants have responded to the Motion, arguing that while they support dismissal of the case, the dismissal should be with prejudice and the Motion for Sanctions should nonetheless be granted. (Doc. # 44). In the interest of obtaining a final judgment on the merits, the Court has made substantive decisions on the Motion to Dismiss (Doc. # 43) and the Motion for Sanctions. (Doc. # 40).

### III.    ANALYSIS

#### A.    Plaintiffs' Dismissal (Doc. # 43)

Even though Plaintiffs' Motion to Dismiss does not state which rule it is brought under, the Court construes it as being brought under Rule 41(a)(2), which allows for dismissal of an action "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Such a construction is appropriate, as Plaintiffs are ineligible to file a dismissal under Rule 41(a)(1) due to Defendants having

3

filed an Answer (Doc. # 19).  Additionally, as previously noted, while Plaintiffs' Motion does not specify whether they seek a dismissal with or without prejudice, (*See* Doc. # 43), Rule 41(a)(2) states that "[u]nless the order states otherwise, a dismissal under this [rule] is without prejudice."  Fed. R. Civ. P. (41)(a)(2).

In the Sixth Circuit, a district court may "condition" a Rule 41(a)(2) dismissal on being with prejudice at its discretion, as long as it provides the plaintiff with notice and the opportunity to withdraw its motion.  *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575-76 (6th Cir. 2010) (citing *United States v. One Tract of Real Property*, 95 F.3d 422, 425-26 (6th Cir. 1996)).  Defendants cite the *One Tract* holding (as clarified by *Arman*), requesting that the Court issue a show cause order to Plaintiffs in advance of dismissing with prejudice.  (Doc. # 44 at 3).  However, such an order isn't necessary, as in this case, the Court isn't "conditioning" the dismissal on the addition of prejudice.  Rather, the Court sees that Plaintiffs state that they have lost the case on the merits, and thus construes the ambiguity in their Motion as one for a dismissal with prejudice.  (*See* Doc. # 43 at 2 ("*Plaintiffs losing a case* is not grounds for sanctions[.]" (emphasis added))).

In *Arman*, the Sixth Circuit reversed and remanded the case after the district court chose to dismiss the case with prejudice in the face of the plaintiffs having moved for dismissal *without prejudice*.  See 627 F.3d at 575 ("The district court improperly converted [the plaintiffs'] motion for voluntary dismissal without prejudice into a dismissal with prejudice[.]").  The same was true in *One Tract*, upon which *Arman* is based.  *See* 95 F.3d at 425 (". . . in response to [the government's] motion to dismiss without prejudice, [the district court] dismissed the action with prejudice.").

Conversely, courts have routinely granted Rule 41(a)(2) motions to dismiss with prejudice when the motions have called for such a dismissal.  *See Twin City Fire Ins. Co. v. Mattmiller*, No. 5:19-CV-344-JMH, 2021 WL 2744507, at *5 (E.D. Ky. July 1, 2021); *Lum v. Mercedes Benz, USA, LLC*, 246 F.R.D. 544, 545-46 (N.D. Ohio 2007);  *see also Brooks v. C.R. Bard, Inc.*, No. 5:19-CV-360-JMH-MAS, 2020 WL 7700094 (E.D. Ky. Dec. 28, 2020) (construing a Rule 41(a)(2) motion that did not specify what type of dismissal as a dismissal with prejudice).

Here, despite the lack of express language, it is clear to the Court that Plaintiffs have moved for a dismissal with prejudice.  Plaintiffs write that the Supreme Court has spoken on their case, and as a result, they write that "Plaintiffs no longer believe they can pursue their case."  (Doc. # 43 at 1).  Because Plaintiffs believe they can no longer pursue their case, the Court sees plainly that Plaintiffs cannot and will not refile their complaint.  Furthermore, as previously mentioned, Plaintiffs also refer to "losing [the] case" in their Motion.  (*Id.* at 2).  That language suggests a decision on the merits, and it is well settled that an adjudication on the merits equates to a dismissal with prejudice. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020) ("an adjudication on the merits – meaning a dismissal with prejudice." (internal quotations omitted) (citing *Durant v. Essex Co.*, 74 U.S. 107 (1869));  *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).  For these reasons, the Court recognizes Plaintiffs clear intent to dismiss the case with prejudice, and construes their Motion as such.  Thus, Plaintiffs' Motion to Dismiss is **granted with prejudice.**

### B. Motion for Sanctions (Doc. # 40)

Rule 11 of the Federal Rules of Civil Procedure "imposes on litigants a 'continuing duty of candor,' and a litigant may be sanctioned 'for continuing to insist upon a position that is no longer tenable.'" *Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 395 (6th Cir. 2009) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). The broad purpose of Rule 11 is to "deter abuse of the legal process," and sanctions may be imposed if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists & Aero. Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (internal quotations omitted). In the Sixth Circuit, the conduct in question "is measured by an objective standard of reasonableness under the circumstances." *Id.* (citing *INVST Fin. Grp. Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)). Lastly, "the imposition of sanctions for violations [is] discretionary, rather than mandatory." *Ridder*, 109 F.3d at 294.

Defendants have raised each of the three types of violations listed in *Merritt* in support of their Motion for Sanctions (Doc. # 40): (1) that Plaintiffs made claims not well grounded in fact by making "demonstrably false" claims with respect to the hospital's exemption policy (*Id.* at 18); (2) that Plaintiffs litigated in a manner not warranted by existing law by violating Rule 41(a)(1)(B)'s two-dismissal rule (*Id.* at 14), by filing a Complaint in violation of Rule 8 (*Id.* at 16), and by pursuing a claim in the face of conflicting Supreme Court precedent (*Id.* at 17); and (3) that Plaintiffs litigated with an improper purpose to harass and increase costs for Defendants. (*Id.* at 21). While the

Court agrees with Defendants that this lawsuit may not have been conducted at all times in the best of taste or in the highest of decorum by Plaintiffs, it declines to issue sanctions to Plaintiffs and **denies** Defendants' Motion for the foregoing reasons.

> **A.** *Plaintiffs provided affidavits in support of their allegations regarding St. Elizabeth's exemptions policy to the vaccine mandate.*

Granting a motion for sanctions on an allegation "not well grounded in fact" requires the Court to "measure[] the conduct of the non-moving party's counsel by an objective standard of reasonableness under the circumstances." *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 961 (6th Cir. 1990). However, the standard does not require that the non-moving party proved its allegations as true, just that it reasonably investigated them. *See, e.g.*, *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, 323 F. Supp. 3d 935, 942-43 (E.D. Mich. 2018). In other words, the Court should "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring into what was reasonable" at the time of signing. *INVST*, 815 F.2d at 401.

Here, Defendants have pointed out "demonstrably false" claims made by Plaintiffs during litigation. (Doc. # 40 at 19-20). While some of those claims were shown to be false by Defendants, which resulted in the Court ruling in Defendants' favor on injunctive relief, Plaintiffs did conduct a somewhat reasonable investigation into their claims. In support of their pleadings on injunctive relief, Plaintiffs filed more than 40 affidavits in support of their claims from various individuals, including employees and patients of St. Elizabeth. (*See* Docs. # 13 and 20). As explained in the Court's Order on injunctive relief, the affidavits proved to be unhelpful, but they were nonetheless filed into the record. (*See* Doc. # 34). Because Plaintiffs' counsel undertook the effort of collecting

7

and filing those affidavits, the Court cannot find that their conduct was sanctionable with respect to the "not well grounded in fact" violation.

> **B.**  ***Plaintiffs have not willfully litigated in a manner unwarranted by existing law to an extent that would give rise to sanctions.***

Defendants have also alleged that Plaintiffs have engaged in conduct "not warranted by existing law" by filing a Complaint in violation of Rule 8 and by violating Rule 41(a)(1)(B)'s two-dismissal rule. (Doc. # 40 at 14, 16). The Complaint filed by Plaintiffs is 93 pages long. (Doc. # 1). Defendants are correct that in the Status Conference called in *Beckerich I*, the Court admonished Plaintiffs' counsel that any new Complaint needed to comply squarely with Rule 8, which calls for a short and plain statement of facts. *See* Minute Entry Order for Status Conference, *Beckerich I*, Doc. # 15. While the Court again notes that the litigation tactics used in this matter were far from best practices, it also finds noteworthy that Defendants did not file a Motion for a More Definite Statement under Rule 12(e), and outside casual comments during a status conference, the Court did not order Plaintiffs to adjust their pleading. The Sixth Circuit has commented that harsh sanctions rarely stem from Rule 8 violations and are warranted where the "district court has offered multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance[.]" *Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021). Additionally, compared to the Complaint in *Beckerich I*, the second complaint was reduced by more than 50 pages in size. Even though 93 pages is far from short and definite, the Court recognizes that Plaintiffs seemed to make some effort to file an "edited and scaled back" version of the first Complaint. Thus, the Court sees no violation of Rule 8 or other Court order sufficient to impose sanctions against Plaintiffs.

8

With respect to the two-dismissal rule, Defendants argue that Plaintiffs have violated Rule 41(a)(1)(B), which states that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). According to Defendants, by filing and dismissing a related lawsuit in the Southern District of Ohio, and then voluntarily dismissing *Beckerich I* in this Court, Plaintiffs should not have been allowed to refile this matter, arguing that the "litigation strategy clearly runs afoul of existing law." (Doc. # 40 at 14). However, even though the complaints here and in Cincinnati all stem from hospital vaccination policies, the two lawsuits in Cincinnati related to antitrust violations, and St. Elizabeth was named as a co-defendant alongside other area hospital systems. *See Beckerich et al. v. St. Elizabeth Med. Ctr. et al.*, No. 1:21-CV-576-TSB (S.D. Ohio). Because this case only relates to St. Elizabeth's vaccination policy, the Court does not see that it is "based on or include[es] the same claim" as the lawsuits in Cincinnati, and so the two-dismissal rule is not invoked.

Lastly, Defendants have also argued that Plaintiffs have made arguments not warranted by existing law by "ignor[ing] binding Supreme Court precedent." (Doc. # 40 at 17). Defendants' argument here is largely based on the reasons the Court declined to grant injunctive relief: a lack of state action and the binding effect of *Jacobson v. Massachusetts*, 197 U.S. 11 (1905). (*Id.* at 17-18). Plaintiffs have also underscored the importance of these points, suggesting in their Motion for Reconsideration that the Court should take an activist approach and find state action in the case. (*See* Doc. # 36 at 2). The Court disagreed, noting that current law is clear on state action with respect to private hospitals (Doc. # 37 at 1-2). However, even though current law is clear, Rule 11

itself allows for arguments in favor of "extending, modifying, or reversing existing law[.]" Fed. R. Civ. P. 11(b)(3). Thus, even though Plaintiffs' arguments to modify the law failed, those arguments do not give rise to Rule 11 violations in this instance.

### C. *There is insufficient evidence to suggest that an improper purpose motivated the litigation.*

Finally, Defendants have posited that Plaintiffs' counsel have litigated "for improper purposes, including harassment and needlessly increasing the costs of litigation." (Doc. # 40 at 21). In short, the Court recognizes that animus exists between the parties in this matter, but animus does not necessarily equal improper. While this lawsuit has been somewhat taxing on the parties and the Court, it is nonetheless clear that Plaintiffs filed their complaint not with an intent to harass the hospital, but to overturn the hospital's vaccination policy. And while Plaintiffs' litigation tactics have been clumsy and less than straightforward, they were not sufficiently improper to warrant sanctions in the Court's view. Finally, Plaintiffs' express recognition that the Supreme Court's decision in *Biden v. Missouri*, 142 S. Ct. 647 (2022) controls their case, and the promptness in which they filed their motion to dismiss after that case was decided provides further support for the Court's denial of the sanction motion.

### IV. CONCLUSION

As this Court previously stated in September, this case is about conditions of employment, and whether a private employer can modify those conditions to require vaccinations in response to a global health pandemic. Unfortunately for Plaintiffs, the answer is yes – and just the same as the Court wrote in September, that remains true irrespective of the vitriol and animus that has unfortunately come out of this lawsuit and

the COVID-19 pandemic. Equally true is that the world, these parties, and the Court must move forward, and with that in mind, this lawsuit is finally **dismissed.** Accordingly,

**IT IS ORDERED** that:

(1) Plaintiffs' Motion to Dismiss (Doc. # 43) is **GRANTED;**

(2) Defendants' Motion for Sanctions (Doc. # 40) is **DENIED;**

(3) Defendants' Motion to Dismiss (Doc. # 12) is **DENIED AS MOOT**;

(4) This matter is **DISMISSED WITH PREJUDICE**, with each party bearing its own costs; and

(5) This matter shall be **STRICKEN** from the Court's active docket.

This 2nd day of February, 2022.



K:\DATA\ORDERS\Cov2021\21-105 Order re Dismissal.docx